**United States District Court**
For the Northern District of California

1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10                                                  No. C 16-05674 WHA
                                                    No. C 16-05676 WHA
11   In Re:                                         No. C 16-05679 WHA
                                                    No. C 16-05694 WHA
12   EXPERIAN INFORMATION SOLUTIONS                 No. C 16-05701 WHA
     CREDIT REPORTING LITIGATION.                   No. C 16-05704 WHA
13                                                  No. C 16-06315 WHA
                                                    No. C 16-06335 WHA
14                                                  No. C 16-06363 WHA
                                                 /  No. C 16-06372 WHA
15

16        **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
17             **(IN ALL OF THE ABOVE-LISTED CASES)**

18

19        This order holds that under the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq., a

20   report of a debt may be stated at the full unpaid balance even if the debt is subject to a confirmed

21   Chapter 13 plan wherein the debt will be discharged if and when a specified lesser amount is

22   paid. Under the Bankruptcy Act, the full debt remains undischarged until, if ever, the specified

23   amount is actually paid. So it remains correct to inform the world at large via the credit report

24   of the full unpaid balance. Since the risk persists that the debtor will fail to pay under the

25   Chapter 13 plan, it would be misleading to future creditors to report, as plaintiffs' counsel

26   insists in all of these cases, the lesser amount. That would be getting the cart before the horse.

27   *First*, the debtor must perform as specified under the plan, then get a discharge. At that point,

28   the debt will go to zero.

United States District Court
For the Northern District of California

1    Although our court of appeals has not yet ruled on the issue, every single district judge

2    who has ruled has held as above.  This order adopts this reasoning, including at least two cases

3    rejecting plaintiffs' main decision *In re Luedtke*, No. 2-3582-SVK, 2008 WL 295253

4    (Bankr. E.D. Wis. July 31, 2008).  *See, e.g.*, *Newkirk v. Experian Info. Sols., Inc. et al.*,

5    No. 4:16-CV-05691-SBA, 2017 WL 1078653 (N.D. Cal. Mar. 13, 2017) (Judge Saundra

6    Armstrong); *Mamisay v. Experian Info. Sols., Inc.*, No. 16-CV-5684-YGR, 2017 WL 106517

7    (N.D. Cal. Mar. 21, 217) (Judge Yvonne Rogers) (rejecting *In re Luedtke*); *Smith v. Experian*

8    *Info. Sols., Inc.*, No. 16-CV-4653-BLF, 2017 WL 1092377 (N.D. Cal. Mar. 23, 2017)

9    (Judge Beth Freeman) (rejecting *In re Luedtke*); *Polvorosa v. Allied Collection Serv., Inc.*,

10   No. 2:16-CV-1508 JCM (CWH), 2017 WL 29331 (D. Nev. Jan. 3, 2017).

11   At oral argument, plaintiffs' counsel offered a fall-back position, namely that they would

12   accept reporting the full unpaid debt so long as the line item also noted that it remained subject

13   to a confirmed Chapter 13 plan.  In fact, it appears that some creditors do just that.  Yes, this

14   would put more accurate information in the report and Congress ought to consider an

15   amendment to require such notations.  But credit reports also include a clear-cut statement up

16   front that the debtor is in bankruptcy proceedings, so it takes very little imagination for the

17   reader to realize that there may be a plan in place that might lead to a full discharge.  At all

18   events, the fact remains that the full amount is the actual truthful amount of the debt so long as

19   the plan, even if confirmed, remains uncompleted, so there is no basis for insisting as a matter of

20   law that such a notation accompany each line item.

21   This order makes the same ruling as to the California state law.  Cal. Civ. Code § 17825.

22   Therefore, this entire action is hereby dismissed.  If plaintiffs' counsel wish to amend to

23   make some other claim for relief, such as the wrong dollar amount that accidentally got into the

24   report, then they may file a new amended complaint as to such other claim — but counsel's main

25   point about the effect of a confirmed plan is wrong and may not be recycled into a new pleading.

26

27

28

2

1    The deadline for any new pleading in all these cases is **APRIL 11, 2017, AT NOON**, failing which

2    judgment will be entered.

3

4         **IT IS SO ORDERED.**

5

6    Dated:  March 28, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3